UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:00-cv-002-RLV
(3:97-cr-333-1)

| | |
|---|---|
| LEROY JOSEPH KELLY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on pro se Petitioner Leroy Joseph Kelly's "Motion of Independent Action to Support Rule 60(D) of the Federal Rules and Civil Procedure Showing Cause and Prejudice." (Doc. No. 17). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses Petitioner's motion.

I.  BACKGROUND

On April 2, 1998, Petitioner pled guilty pursuant to a written plea agreement to commit armed robbery of several restaurants, supermarkets, and convenience stores, in violation of the Hobbs Act, 18 U.S.C. § 1951 (2000), and two counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). (Case No. 3:97-cr-333-MOC-1: Doc. No. 17: Entry and Acceptance of Guilty Plea; Doc. No. 27: Judgment). Petitioner was sentenced to a total of 312 months' imprisonment. (Id.).

On January 5, 2000, Petitioner filed a § 2255 motion to vacate, contending in part that his counsel was ineffective for failing to file an appeal on Petitioner's behalf. (Doc. No. 1). This

-1-

Court denied the motion in part and granted the motion in part on April 30, 2002. (Doc. Nos. 11; 13). The Court granted the motion in part so that the Court could enter an amended judgment to give Petitioner the opportunity to file a timely appeal. See (Doc. No. 13). The Court entered an amended judgment with the same conditions as the original judgment on August 20, 2002. (Doc. No. 15). Petitioner appealed his conviction, and on July 27, 2004, the Fourth Circuit affirmed Petitioner's conviction. United States v. Kelly, 102 Fed. App'x 838 (4th Cir. 2004). On November 29, 2004, the U.S. Supreme Court denied Petitioner's petition for writ of certiorari. United States v. Kelly, 543 U.S. 1013 (2004).

On March 22, 2013, Petitioner filed the instant "Motion of Independent Action to Support Rule 60(D) of the Federal Rules and Civil Procedure Showing Cause and Prejudice."

## II.     DISCUSSION

In the "Motion of Independent Action to Support Rule 60(D) of the Federal Rules and Civil Procedure Showing Cause and Prejudice," Petitioner asks the Court "to grant relief of this Independent Action from his sentence, in support of Rule 60(d), and to by-pass any procedural default on the basis of 'cause and prejudice.'"[1] (Doc. No. 17 at 1). Petitioner goes on to argue that the Court should "grant his motion to either set-aside, correct, or vacate his conviction" based on his contention that he received ineffective assistance at trial during the plea bargaining process. (Id. at 6; 10). As noted, Petitioner has already filed one § 2555 motion to vacate his conviction and sentence in Case No. 3:97-cr-333-MOC-1, and this Court has adjudicated the motion. Regardless of the name that Petitioner has assigned to his instant motion, it is in

---

[1] Rule 60(d) of the Federal Rules of Civil Procedure states, in relevant part, that Rule 60 "does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding." FED. R. CIV. P. 60(d).

substance a successive petition because in the motion Petitioner is again attempting to attack his conviction and sentence in Case No. 3:97-cr-333-MOC-1.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. <u>See</u> <u>also</u> 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. <u>See</u> <u>Burton v. Stewart</u>, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's "Motion of Independent Action to Support Rule 60(D) of the Federal Rules and Civil Procedure Showing Cause and Prejudice" because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's "Motion of Independent Action to Support Rule 60(D) of the Federal Rules and Civil Procedure Showing Cause and Prejudice," (Doc. No. 17), is

**DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 28, 2013

Richard L. Voorhees
United States District Judge